SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

MATTHEW A. PARRELLA (NYSBN 2040855)
JEFFREY D. NEDROW (CSBN 161299)
JEFFREY R. FINIGAN (CSBN 168285)
Assistant United States Attorneys

150 Almaden Blvd., Suite 900
San Jose, CA 95113
Telephone: (408) 535-5061
FAX: (408) 535-5066
matthew.parrella@usdoj.gov
jeff.nedrow@usdoj.gov
jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR CONTE, JR., et al., <br><br> Defendants. | No. CR 04-0044 SI <br><br> **GOVERNMENT'S NOTICE OF RELATED CASES** |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BARRY LAMAR BONDS, <br><br> Defendant. | No. CR 07-0732 WHA |

Notice of Related Cases

The government hereby files notice pursuant to Crim. L.R.8-1 that the newly-assigned case, United States v. Barry Lamar Bonds, No. CR 07-0732 WHA and United States v. Victor Conte, et al., No. CR 04-0044 SI are related, and the new matter, which has been assigned to the Honorable William H. Alsup, United States District Court Judge, may be reassigned to the Honorable Susan Illston, United States District Court Judge, who presided over the earlier-filed matter. Mr. Bonds is scheduled to make his initial appearance on the indictment on December 7, 2007, at 9:30 a.m. before the Honorable Maria-Elena James, United States Magistrate Judge.

A federal criminal investigation ("the criminal investigation") commenced in the Northern District of California concerning the distribution of anabolic steroids and other illegal performance-enhancing drugs and the related money laundering of proceeds from said distributions centered around Balco Laboratories, Inc. ("Balco"), a California corporation performing blood-testing, among other functions, located in Burlingame, California. The criminal investigation also included investigating potential instances of perjury and false statements to government agencies made by various witnesses who were interviewed by federal agents and who testified before the grand jury. The Internal Revenue Service - Criminal Investigation Division ("IRS-CID") was the lead investigative agency throughout the course of the criminal investigation.

As a result of the criminal investigation, a Grand Jury in the Northern District of California returned the indictment in United States v. Victor Conte, et al., which case was litigated over the course of almost two years before Judge Illston. As another result of the criminal investigation, a Grand Jury in the Northern District of California also returned an indictment in United States v. Patrick Arnold, CR No: 05-00703 SI. The Arnold indictment was originally assigned to the Honorable Maxine M. Chesney, United States District Court Judge, so the government filed a Notice of Related Cases requesting the Arnold indictment be reassigned to Judge Illston. Judge Illston subsequently issued an order relating the Arnold indictment to the Conte, et al. indictment and the Arnold indictment was thereafter litigated before Judge Illston.

Following this, an indictment was returned by a Grand Jury in the Northern District of California charging Trevor Graham with violations of 18 USC § 1001 (false statements to federal

agents) by making three separate false statements to IRS-CID agents on June 8, 2004, during an interview the agents conducted as part of the criminal investigation that led to the Conte, et al. and Arnold indictments. United States v. Trevor Graham, CR No: 06-0725 SI, was originally assigned to the Honorable Phyllis J. Hamilton, United States District Court Judge, so the government filed a Notice of Related Cases requesting the Graham indictment be reassigned to Judge Illston. Judge Illston subsequently issued an order relating the Graham indictment to the Conte, et al. indictment and the Graham indictment is currently being litigated before Judge Illston.

On November 14, 2006, an indictment was returned by a Grand Jury in the Northern District of California charging Tammy A. Thomas with violations of 18 USC § 1623(a) - Perjury, and 18 USC § 1503 - Obstruction of Justice, arising from her giving false testimony before the Grand Jury on November 6, 2003, also as part of the criminal investigation that led to the Conte, et al. and Arnold indictments. United States v. Tammy A. Thomas, CR No: CR-06-0803-SI, was originally assigned to the Judge Illston, United States District Court Judge, so the government did not file a Notice of Related Cases, and the Thomas indictment is currently being litigated before Judge Illston.

On November 15, 2007, an indictment was returned by a Grand Jury in the Northern District of California charging Barry Lamar Bonds with violations of 18 USC § 1623(a) - Perjury, and 18 USC § 1503 - Obstruction of Justice, arising from his giving false testimony before the Grand Jury on December 4, 2003, as part of the criminal investigation that led to the Conte, et al. and Arnold indictments.

One of the elements of each perjury charge against Bonds is that his false statements were material to the Balco/Arnold criminal investigation. Both actions potentially concern the same defendants because one or more of the defendants in the Conte, et al., matter could be witnesses in the Bonds matter. The matters also concern many of the same events, occurrences, and transactions. For example, other athletes who used the same distributor of illegal performance-enhancing drugs were also linked to the Balco/Arnold criminal investigation, and relevant evidence in the Bonds matter was located during the execution of search warrants during the

Balco/Arnold criminal investigation. A substantial amount of discovery in the Bonds matter may come from the Balco/Arnold criminal investigation.

Thus, to the extent issues related to discovery and trial are raised, Judge Illston will be uniquely suited to address them. Judge Illston's comprehensive familiarity with the background of the very lengthy and complex underlying investigation, during the course of which Bonds committed the offenses charged, will enable her to efficiently oversee the case. If conducted before a different Judge of this Court, the new action will entail a substantial and unduly burdensome duplication of labor and unnecessary expenditure of Court resources. Assignment of the new Bonds matter to Judge Illston is therefore likely to conserve judicial resources and promote an efficient determination of the action.

Accordingly, the United States respectfully requests the Court to order that the newly-filed action of CR 07-0732 WHA is related to the previously filed matter in CR 04-0044 SI and is therefore reassigned to Judge Illston.

DATED: November 15, 2007          Respectfully submitted,

                                               SCOTT N. SCHOOLS
                                               United States Attorney

                                                 _Jeffrey R. Finigan_
                                              MATTHEW A. PARRELLA
                                              JEFFREY D. NEDROW
                                              JEFFREY R. FINIGAN
                                              Assistant United States Attorneys