IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 07-00732 SI |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT** |
| v. | |
| BARRY LAMAR BONDS, | |
| Defendant. / | |

On November 5, 2008, the Court heard argument on defendant's motion to dismiss Counts One, Two, Five, Seven, Eight, Nine, Eleven, Twelve, Fourteen, and Fifteen of the second superseding indictment. For the reasons set forth below, the motion is GRANTED IN PART. [Docket No. 61]

**DISCUSSION**

**1.  Materiality (Count One)**

In Count One, the government alleges that defendant "knowingly made a false declaration" to a grand jury in violation of 18 U.S.C. § 1623(a). In each of the other thirteen counts that allege violations of 18 U.S.C. § 1623(a) (Counts Two-Fourteen), the government alleges that defendant "knowingly made a false *material* declaration" (emphasis added).

The parties dispute whether materiality must be pled as an element of 18 U.S.C. § 1623(a). *Compare United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (citing *United States v. Oren*, 893 F.2d 1057, 1063 (9th Cir. 1990)) ("It is well settled, at least in this circuit, that an indictment need not allege the materiality of a false representation if the facts advanced by the pleader warrant the inference of materiality."), *with Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (citing *Jones v.*

*United States*, 526 U.S. 227, 243 n.6 (1999)) ("any fact . . . that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.").

The Court need not decide this issue, however, because the government maintains that the omission of the word "material" from Count One was a typographical error, which it proposes correcting by obtaining a second superseding indictment or joining a new indictment on Count One along with the current indictment.

**2.  Multiplicity**

**A.  Count Seven**

Counts Six and Seven allege violations of 18 U.S.C. § 1623(a). Defendant argues that Count Seven must be dismissed because it is multiplicitous as to Count Six. The counts pertain to the following allegedly false statements by defendant:

> Count Six
> Q: And, again, just to be clear and then I'll leave it, but he [Anderson] never gave you anything that you understood to be human growth hormone? Did he ever give you anything like that?
> A: <u>No.</u>
>
> Count Seven
> Q: So, starting in December 2001, on this page, again, there's BB here, which obviously are consistent with your initials; correct?
> A: He could know other BBs.
> Q: Correct. But BB would also be your initials; is that correct.
> A: That's correct.
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> Q: Okay. Were you obtaining testosterone from Mr. Anderson during this period of time?
> A: Not at all.
> Q: And were you obtaining growth hormone from Mr. Anderson?
> A: <u>Not at all.</u>
> Q: In December 2001.

In the first indictment, these statements were alleged in Counts Three (b) and (c). Defendant moved to dismiss the indictment, arguing, *inter alia*, that "statements (a), (b), and (d), or portions thereof, are duplicitous." *See* Def. Mot. to Dismiss [First] Indictment, at 11. [Docket No. 21] The government argues that defendant is now barred from challenging these statements as multiplicitous because the government moved them into separate counts in response to defendant's duplicity challenge.

2

Defendant responds that in his first motion to dismiss he did not contend that the statements now designated as Counts Six and Seven (formerly (b) and (c)) were duplicitous. The Court agrees. In his first motion to dismiss, defendant did not argue that statement (c) was duplicitous; to the contrary, he argued that statement (c) was "essentially identical to portions of statements (a) and (b)." *See id.* He is therefore not precluded from raising a mulitiplicity challenge involving this statement now.

Multiplicity is the charging of a single offense in more than one count. *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). In the context of perjury, "where identical false statements, in either oral or written form, are made in response to identical questions, the declarant may be convicted only once." *United States v. Stewart*, 420 F.3d 1007, 1013 (9th Cir. 2005) (quoting *United States v. Olsowy*, 836 F.2d 439, 443 (9th Cir.1987)). "This is so because the repetition of a false statement by a declarant does not further impair the operations of the government beyond the initial violation, and a contrary rule would permit the government to pile on multiple convictions by repeatedly asking a declarant the same question." *Id.* (quoting *id.*).

In the Ninth Circuit, there is "a two-part test for determining whether multiplicitous counts for false statements are permissible. The first [element] is whether a declarant was asked the same question and gave the same answer. The second element is whether later false statements further impaired the operations of the government." *United States v. Salas-Camacho*, 859 F.2d 788, 791 (9th Cir. 1988). The second prong is dispositive. Two statements are not multiplicitous if the second statement further impairs a government investigation, even if the declarant was asked the same question and gave the same answer. *See id.* at 791.

Two Ninth Circuit cases in which the defendant was indicted for multiple counts of perjury on the basis of the same question and answer are instructive here. In *Salas-Camacho*, the defendant made the same false statement to two customs officials. *Id. Salas-Camacho* held that the charges were not multiplicitous because the defendant made the second false statement to a separate official with different duties. *Id.* Both officials relied on false information from the defendant "in making their respective determinations and discharging their respective duties." *Id.* When the defendant repeated the same lie, "the ability of both officials to carry out their respective functions [was] impaired." *Id.*

3

The Ninth Circuit reached the opposite result in *United States v. Olsowy*, in which the defendant was charged for two denials in response to the same question posed by a Secret Service agent. 836 F.2d 439, 442 (9th Cir. 1987). *Olsowy* held that the charges were multiplicitous because "[t]he repetition of [the defendant's] initial false statement did not further impair the operations of the government. Once he misled the agent, repeating the lie adds little or nothing to the harm caused to the Secret Service's inquiry." *Id.* at 443; *see also Stewart*, 420 F.3d at 1014 (charges multiplicitous because at time of second denial, FBI already had the relevant information and the second FBI agent's testimony "did not establish any additional impairment to his investigation because of the second interview").

Here, the same question was asked and answered. Counts Six and Seven are based on defendant's denial that he obtained human growth hormone from Greg Anderson, his athletic trainer. The outcome therefore depends on whether the second denial further impaired the grand jury's investigation. The government argues that defendant's allegedly false statements impaired the grand jury's ability to understand two different documents: the first page of Exhibit 503, in Count Six; and the December 2001 calendar, in Count Seven.

The government cites no case in which the same false statements within the course of grand jury testimony supported distinct perjury convictions. In *Salas-Camacho*, the government could prove that the customs officials had different duties and that each was hindered in his official duties by the defendant's false statement. It is not evident to the Court how the government will prove that the grand jury did not understand the meaning of the two documents when defendant was asked these questions and that its investigation was further impeded by defendant's second denial. The Court therefore agrees with defendant that Count Seven is multiplicitous as to Count Six.

Defense counsel has stated in his papers and at oral argument that defendant does not oppose these two statement being placed in the same count. Accordingly, the government may decide whether to strike either Count Six or Count Seven or to seek a superseding indictment in which both statements are placed in the same count.

**B.  Count Eight**

Defendant claims that Count Eight is also multiplicitous as to Count Six. Count Eight alleges:

4

> Q: In January of 2002, then, again, just to be clear, you weren't getting any testosterone or growth hormone from Mr. Anderson during that period of time?
> A: <u>No.</u>

Defendant argues that this count is multiplicitous to the extent it is based on his denial that he received human growth hormone from Mr. Anderson. The Court agrees. While Count Seven refers to a slightly different time period, "starting in December 2001," it is not sufficiently distinct to be considered a separate question. The government argued at oral argument that the Court cannot strike the words "or growth hormone" from the indictment in order to cure the multiplicity of this count. Accordingly, the Court GRANTS defendant's motion to dismiss Count Eight.

**3.   Ambiguity**

Defendant argues that Counts Two, Five, Nine, Eleven, Twelve, and Fourteen of the superseding indictment must be dismissed because they are fundamentally ambiguous.

"Generally speaking, the existence of some ambiguity in a falsely answered question will not shield the respondent from a perjury or false statement prosecution." *United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003). "It is for the jury to decide in such cases which construction the defendant placed on a question. If, however, a question is excessively vague, or fundamentally ambiguous, the answer may not, as matter of law, form the basis of a prosecution for perjury or false statement." *Id.* (citations omitted). "A question is fundamentally ambiguous when it 'is not a phrase with a meaning about which men of ordinary intelligence could agree'". *United States v. Boone*, 951 F.2d 1526, 1534 (9th Cir. 1991) (quoting *United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986)). "Precise questioning is imperative as a predicate for the offense of perjury." *Id.* (citing *Bronston v. United States*, 409 U.S. 352, 362 (1973)).

**A.   Count Two**

Count Two alleges:

> Q: Okay. So, I got to ask, Mr. Bonds. There's this number associated on a document with your name, and corresponding to Barry B. on the other document, and it does have these two listed anabolic steroids as testing positive in connection with it. Do you follow my question?
> A: I follow where you're going, yeah.
> Q: So, I guess I got to ask the question again, I mean, did you take steroids? And specifically this test the [sic] is in November of 2000. So, I'm going to ask

5

> you in the weeks and months leading up to November 2000, were you taking steroids –
> A. No.
> Q: -- or anything like that?
> A: <u>No, I wasn't at all.</u> I've never seen these documents. I've never seen these papers.

Defendant maintains that the question was fundamentally ambiguous because the questioner did not identify what substances qualify as "anything like" steroids and because the questioner did not define the starting point of the "weeks and months" time period.

The Court finds that the indefinite time period did not make the question fundamentally ambiguous. If defendant's "responses were false as he understood the questions, his conviction is not invalidated by the fact that his answer to the questions might generate a number of different interpretations." *Culliton*, 328 F.3d at 1079 (citation omitted). The government correctly notes that defendant repeatedly denied that he *ever* took steroids. Whether he thought the questioner was referring to the time period "weeks" or "months" before November, 2000 is therefore immaterial.

The question regarding "anything like" steroids presents a more serious problem. The government maintains that, in context, this phrase refers to "anything like steroids that could have led to a positive steroid test." Gov't Response to Def. Mot. to Dismiss, at 8. This interpretation does not clarify what substances might fall within the category of being "anything like" steroids. The characteristics that make a substance "like" a steroid defy ready definition. The term is therefore not "one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony." *See Lighte*, 782 F.2d at 373 (citation omitted). Accordingly, defendant's response to this statement cannot sustain a perjury conviction and the Court GRANTS defendant's motion to dismiss this count.

**B.    Count Fourteen**

Count Fourteen alleges:

> Q: And you weren't getting this flax seed oil stuff during that period of time [January 2002]?
> A: <u>Not that I can recall.  Like I say, I could be wrong.  But I'm – I'm – going from my recollection it was, like, in the 2002 time and 2003 season.</u>

6

Defendant raises several arguments in response to this count, all of which arise from the confusing wording of his answer. He argues that if the government proves that defendant received "flax seed oil stuff" in January, 2002, he cannot be convicted on the basis of this statement because at least part of his answer (i.e. that he received the substance "in the 2002 time") was literally true. He also argues that defendant's other qualifiers – "Not that I can recall" and "Like I say, I could be wrong" and "I'm going from my recollection" – render the entire passage fundamentally ambiguous.

The government responds that if such qualifiers could create fatal ambiguity, then every defendant could avoid a perjury charge by qualifying all his answers. The problem here, however, is not that defendant may have attempted to mitigate the effect of his "Not that I recall" response by adding qualifiers. The problem is that defendant's answer is so unclear that it is essentially impossible to parse. When a witness in a grand jury investigation gives answers that are "not entirely responsive," or "evades, it is the lawyer's responsibility to recognize the evasion and to bring the witness back to the mark, to flush out the whole truth with the tools of adversary examination." *Bronston*, 406 U.S. at 358-59. When defendant's interrogator received this meandering, inconclusive and internally inconsistent response, "[t]he burden [was] on the questioner to pin the witness down," *see id.* at 360. The remedy for such evasion, if indeed it was evasion, is "the questioner's acuity, and not [] a federal perjury prosecution." *See id.* at 362. Defendant's motion to dismiss this count is GRANTED.

### C. Counts Five, Nine, Eleven, and Twelve

The Court finds that the remaining counts are not ambiguous as a matter of law. If ambiguities remain, it is up to the jury to decide "which of the plausible interpretations of an ambiguous question the defendant apprehended and responded to." *United States v. Camper*, 384 F.3d 1073, 1076 (9th Cir. 2004).

### 4. Obstruction of Justice (Count Fifteen)

Defendant raises several objections to the obstruction of justice charge in Count Fifteen. First, he argues that it is defective because it is based in part on false statements alleged in Counts One

through Fourteen, many of which are defective. The Court's conclusion that most of the underlying counts are not defective precludes this argument. The remaining counts are sufficient to support the grand jury's indictment of defendant for obstruction of justice.

Defendant also argues that Count Fifteen is duplicitous and unconstitutionally vague because it is founded on statements "including but not limited to the false statements" detailed in the indictment. The government responds that Count Fifteen rests solely on defendant's grand jury testimony, and this basis provides defendant with adequate notice of the charges against him. The Court agrees. The government need not provide further notice of the basis for defendant's obstruction charge. In addition, this charge is not multiplicitous because it requires proof of an element that is not included in the false declaration counts, i.e. corruptly influencing, obstructing, and impeding the due administration of justice. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Finally, the parties dispute whether materiality must be pled in an indictment for obstruction of justice. Defendant is correct that the government must prove defendant's actions had the "natural and probable effect of interfering with the due administration of justice." *See United States v. Aguilar*, 515 U.S. 593, 599 (2005) (citation omitted).

The government responds that even if materiality is an element of 18 U.S.C. § 1503, it need not allege this element because it charged this count in the words of the statute. The government relies on *United States v. Resendiz-Ponce* for its contention that an indictment is not defective if it charges the offense in the language of the statute, even if it does not expressly allege an element of the offense. 549 U.S. 102, 127 S. Ct. 782 (2007). *Resendiz-Ponce* is explicit, however, that charging an offense in the language of the statute will not always be sufficient. *See id.* at 789 ("while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity").

*Aguilar* held that in order to sustain an obstruction of justice charge, "[t]he action taken by the accused must be with an intent to influence judicial or grand jury proceedings". 515 U.S. 593, 599 (2005). The Court described this as a "nexus" requirement or a showing that the act had the "natural and probable effect of interfering with the due administration of justice." *Id.* In the instant case, the indictment alleges that defendant "did corruptly influence, obstruct, and impede, and endeavor to

corruptly influence, obstruct, and impede, the due administration of justice, by knowingly giving Grand Jury testimony that was intentionally evasive, false, and misleading . . . " The Court finds that this allegation is sufficient to meet the requirement in *Aguilar* that defendant acted with an intent to influence a grand jury proceeding. Defendant's motion to dismiss this count is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendant's motion.

**IT IS SO ORDERED.**

Dated: 11/24/08

SUSAN ILLSTON
United States District Judge