No.

FILED PM 12: 12

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*SAN FRANCISCO DIVISION*

### THE UNITED STATES OF AMERICA
### vs.
### BARRY LAMAR BONDS

## SUPERSEDING INDICTMENT

**COUNTS ONE - TEN**: Title 18, U.S.C. § 1623(a) - False Declarations Before Grand Jury

**COUNT ELEVEN**: Title 18, U.S.C. § 1503 - Obstruction of Justice

*A true bill.*

_____
Foreperson

*Filed in open court this* 4 *day of* DECEMBER 2008

*A.D.* 2008

BETTY P. LEE

_____
United States Magistrate Judge

**Bail. $** No process

EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

**OFFENSE CHARGED**

Counts 1-10: 18 U.S.C. § 1623(a) - False Declarations Before Grand Jury
Count 11: 18 U.S.C. § 1503 - Obstruction of Justice

☐ Petty
☐ Minor
☐ Misdemeanor
☐ Felony

PENALTY: Counts 1-10: 5 years maximum imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment fee
Count 11: 10 years maximum imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment fee

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
DEC -4 PM 12: 12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

▶ BARRY LAMAR BONDS

DISTRICT COURT NUMBER
07-0732 SI

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Internal Revenue Service, Criminal Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    JOSEPH P. RUSSONIELLO
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    AUSA MATTHEW PARRELLA

**DEFENDANT**

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CABN 44332)<br>United States Attorney |
| 2 | |
| 3 | |
| 4 | |

FILED

08 DEC -4 PM 12: 12

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 07-0732-SI |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1623(a) – False Declarations Before Grand Jury; 18 U.S.C. § 1503 – Obstruction of Justice |
| v. | |
| BARRY LAMAR BONDS, | ) SAN FRANCISCO VENUE |
| Defendant. | ) |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

Background

At all times relevant to this Indictment:

1. The defendant, BARRY LAMAR BONDS ("Bonds"), was a Major League Baseball player for the San Francisco Giants.

2. Balco Laboratories, Inc. ("Balco"), was a California corporation performing blood-testing, among other functions. Balco was located in Burlingame, California.

3. Greg Anderson ("Anderson") was a personal athletic trainer whose clients included numerous professional athletes, including Bonds. Anderson was affiliated with Balco

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI

in that, among other things, he: obtained illegal drugs for later distribution to his clients (including professional athletes); submitted biological specimens from his clients to Balco for testing (including sending the specimens off to outside laboratories for analysis); and obtained the laboratory analysis results of those specimens from Balco.

4. A federal criminal investigation ("the criminal investigation"), led by the Internal Revenue Service-Criminal Investigations, commenced in the Northern District of California concerning Balco's distribution of anabolic steroids and other illegal performance-enhancing drugs and the related money laundering of proceeds from the drug distributions. The criminal investigation initially resulted in an indictment and the convictions of four defendants on federal charges, including illegal drug distribution and money laundering offenses.

5. One focus of the criminal investigation was whether Balco, Anderson, and others were engaged in illegal drug distribution and money laundering arising from illegal distributions of drugs to professional athletes and others.

6. As part of the criminal investigation, on or about September 3, 2003, a federal search warrant, issued in the Northern District of California, was executed at the Balco premises in Burlingame, California. As well as other evidence, investigators obtained evidence that Bonds had a relationship with Anderson and Balco.

7. As part of the criminal investigation, several professional athletes, including but not limited to Bonds, and other witnesses, were subpoenaed to appear before the Federal Grand Jury to provide testimony about their knowledge and involvement with Balco and its employees, including but not limited to Victor Conte and James Valente, as well as any relationship they had with Anderson.

8. On or about December 4, 2003, Bonds testified before the Grand Jury. Bonds received an Order of Immunity for his Grand Jury testimony, pursuant to 18 U.S.C. § 6003 and 28 C.F.R. § 0.175, and was informed that pursuant to that order neither his testimony nor any information directly or indirectly derived from his testimony could be used against him in any criminal case except in a prosecution for perjury, false declaration, or otherwise failing to comply with the Court's order.

9.  During the criminal investigation, evidence was obtained including positive tests for the presence of anabolic steroids and other performance-enhancing substances for Bonds and other professional athletes.

COUNT ONE: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury)

10. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

11. On or about December 4, 2003, in the Northern District of California, the defendant,

BARRY LAMAR BONDS,

having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the Northern District of California, knowingly made a false material declaration, that is, he gave the following underlined false testimony:

Q: I know the answer - - let me ask you this again. I know we kind of got into this. Let me be real clear about this. Did he [Anderson] ever give you anything that you knew to be a steroid? Did he ever give a steroid?

A: I don't think Greg would do anything like that to me and jeopardize our friendship. I just don't think he would do that.

Q: Well, when you say you don't think he would do that, to your knowledge, I mean, did you ever take any steroids that he gave you?

A: <u>Not that I know of.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT TWO: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury)

12. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

13. On or about December 4, 2003, in the Northern District of California, the defendant,

BARRY LAMAR BONDS,

| | |
|---|---|
| 1 | having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the |
| 2 | Northern District of California, knowingly made a false material declaration, that is, he gave the |
| 3 | following underlined false testimony: |
| 4 | Q: So, starting in December 2001, on this page, again, there's BB here, which |
| 5 | obviously are consistent with your initials; correct? |
| 6 | A: He could know other BBs. |
| 7 | Q: Correct. |
| 8 | But BB would also be your initials; is that correct? |
| 9 | A: That's correct. |
| 10 | ******************************** |
| 11 | Q: Okay. Were you obtaining testosterone from Mr. Anderson during this period of |
| 12 | time? |
| 13 | A: <u>Not at all.</u> |
| 14 | All in violation of Title 18, United States Code, Section 1623(a). |
| 15 | |
| 16 | COUNT THREE: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury) |
| 17 | 14. The factual allegations contained in paragraphs one through nine above are |
| 18 | incorporated herein as if set forth in full. |
| 19 | 15. On or about December 4, 2003, in the Northern District of California, the |
| 20 | defendant, |
| 21 | BARRY LAMAR BONDS, |
| 22 | having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the |
| 23 | Northern District of California, knowingly made a false material declaration, that is, he gave the |
| 24 | following underlined false testimony: |
| 25 | Q: In January 2001 were you taking either the flax seed oil or the cream? |
| 26 | A: No. |
| 27 | Q: And were you taking any other steroids? |
| 28 | A: <u>No.</u> |

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI                    4

1    All in violation of Title 18, United States Code, Section 1623(a).

COUNT FOUR: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury)

16. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

17. On or about December 4, 2003, in the Northern District of California, the defendant,

### BARRY LAMAR BONDS,

having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the Northern District of California, knowingly made a false material declaration, that is, he gave the following underlined false testimony:

Q: Did Greg ever give you anything that required a syringe to inject yourself with?

A: I've only had one doctor touch me. And that's my only personal doctor. Greg, like I said, we don't get into each others' personal lives. We're friends, but I don't – we don't sit around and talk baseball, because he knows I don't want – don't come to my house talking baseball. If you want to come to my house and talk about fishing, some other stuff, we'll be good friends. You come around talking about baseball, you go on. I don't talk about his business. You know what I mean?

*********************************

Q: So no one else other than perhaps the team doctor and your personal physician has ever injected anything in to you or taken anything out?

A: Well, there's other doctors from surgeries. I can answer that question, if you're getting technical like that. Sure, there are other people that have stuck needles in me and have drawn out - - I've had a bunch of surgeries, yes.

Q: So - -

A: So sorry.

Q: - - the team physician, when you've had surgery, and your own personal physician. But no other individuals like Mr. Anderson or any associates of his?

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI                    5

|   |   |
|---|---|
| 1 | A: <u>No, no.</u> |
| 2 | All in violation of Title 18, United States Code, Section 1623(a). |
| 3 | |
| 4 | COUNT FIVE: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury) |
| 5 | 18. The factual allegations contained in paragraphs one through nine above are |
| 6 | incorporated herein as if set forth in full. |
| 7 | 19. On or about December 4, 2003, in the Northern District of California, the |
| 8 | defendant, |

BARRY LAMAR BONDS,

having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the Northern District of California, knowingly made a false material declaration, that is, he gave the following underlined false testimony:

Q: And, again, just to be clear and then I'll leave it, but he [Anderson] never gave you anything that you understood to be human growth hormone? Did he ever give you anything like that?

A: <u>No.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT SIX: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury)

20. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

21. On or about December 4, 2003, in the Northern District of California, the defendant,

BARRY LAMAR BONDS,

having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the Northern District of California, knowingly made a false material declaration, that is, he gave the following underlined false testimony:

Q: Let me ask the same question about Greg at this point, we'll go into this in a little

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI                                                  6

bit more detail, but did you ever get anything else from Greg besides advice or tips on your weight lifting and also the vitamins and the proteins that you already referenced?

A: This year, in 2003 - - at the end of 2002, 2003 season, when I was going through - - my dad died of cancer, you know, and everyone knows that.

Q: Yes. I'm sorry about that.

A: And everyone tries to give me everything. You got companies that provide us with more junk to try than anything. And you know that as well.

I was fatigued, tired, just needed recovery, you know. And this guy says: "Try this cream, try this cream." And Greg came to the ballpark and he said, you know: "This will help you recover," and he rubbed some cream on my arm, like, some lotion-type stuff, and, like, gave me some flax seed oil, that's what he called it, called it some flax seed oil, man. It's, like: "Whatever, dude."

And I was at the ballpark, whatever, I don't care. What's lotion going to do to me? How many times have I heard that: "This is going to rub into you and work." Let him be happy. We're friends. You know?

Q: When did that happen for the first time?

A: <u>Not until 2003, this season.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT SEVEN: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury)

22. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

23. On or about December 4, 2003, in the Northern District of California, the defendant,

BARRY LAMAR BONDS,

having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the Northern District of California, knowingly made a false material declaration, that is, he gave the following underlined false testimony:

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI                                      7

| | |
|---|---|
| 1 | Q: And - - all right. So, how many times approximately do you think you got these |
| 2 | tubes with what Mr. Anderson told you was flax seed oil? |
| 3 | A: Maybe once a home stand or something, if that. Greg didn't travel with me on the |
| 4 | road. So, I was at home, when I came home. |
| 5 | Q: And the first time was the beginning of this year's season, in 2003? |
| 6 | A: <u>Yes, 2003</u>, because I was battling with the problems with my father and the - - just |
| 7 | the lack of sleep, lack of everything. |
| 8 | All in violation of Title 18, United States Code, Section 1623(a). |
| 9 | |
| 10 | COUNT EIGHT: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury) |
| 11 | 24. The factual allegations contained in paragraphs one through nine above are |
| 12 | incorporated herein as if set forth in full. |
| 13 | 25. On or about December 4, 2003, in the Northern District of California, the |
| 14 | defendant, |
| 15 | BARRY LAMAR BONDS, |
| 16 | having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the |
| 17 | Northern District of California, knowingly made a false material declaration, that is, he gave the |
| 18 | following underlined false testimony: |
| 19 | Q: Mr. Anderson had never given you anything or asked you to take anything before |
| 20 | the 2003 season; is that right? |
| 21 | A: We never had those discussions. We don't discuss about his -- you know, part of |
| 22 | his world of business is his business. My business is my business. So, we don't -- |
| 23 | Q: I'm asking -- |
| 24 | A: No. |
| 25 | Q: That's not my question. My question is - - |
| 26 | A: No. |
| 27 | Q: - - prior to the last season, you never took anything that he asked you to take, other |
| 28 | than vitamins? |

| | |
|---|---|
| 1 | A: <u>Right</u>. We didn't have any other discussions. |
| 2 | Q: No oils like this or anything like this before? |
| 3 | A: No, no, no, not at all. Not at all. |
| 4 | All in violation of Title 18, United States Code, Section 1623(a). |
| 5 | |
| 6 | COUNT NINE: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury) |
| 7 | 26. The factual allegations contained in paragraphs one through nine above are |
| 8 | incorporated herein as if set forth in full. |
| 9 | 27. On or about December 4, 2003, in the Northern District of California, the |
| 10 | defendant, |
| 11 | BARRY LAMAR BONDS, |
| 12 | having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the |
| 13 | Northern District of California, knowingly made a false material declaration, that is, he gave the |
| 14 | following underlined false testimony: |
| 15 | Q: Okay. So, first of all, Mr. Bonds, I guess I want to recheck with you or ask you |
| 16 | again exactly when you started getting the - - what I'll call the recovery items, what you |
| 17 | understood to be flax seed oil and the cream, when you started getting that from Greg |
| 18 | Anderson. I think that you said - - but please correct me if I'm wrong - - that you thought |
| 19 | it was prior to this current baseball season. |
| 20 | But let me ask, I mean, is it possible it's actually a year before, after the 2000 - - |
| 21 | well, actually two years before, after the 2001 season? Because this first calendar is dated |
| 22 | December 2001 with "BB" on it and its got a number of entries that I'd like to ask you |
| 23 | about. |
| 24 | Were you getting items during that period of time from Greg? |
| 25 | A: <u>No. Like I said, I don't recall having anything like this at all during that time of</u> |
| 26 | <u>year.</u> It was toward the end of 2000, after the World Series, you know, when my father |
| 27 | was going through cancer. |
| 28 | All in violation of Title 18, United States Code, Section 1623(a). |

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI                                      9

COUNT TEN: (18 U.S.C. § 1623(a) – False Declarations Before Grand Jury)

28. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

29. On or about December 4, 2003, in the Northern District of California, the defendant,

BARRY LAMAR BONDS,

having taken an oath to testify truthfully in a proceeding before a Grand Jury sitting in the Northern District of California, knowingly made a false material declaration, that is, he gave the following underlined false testimony:

Q: In December 2001.

And what about the - - the clear - - either the clear or the cream, were you getting either of those substances in December of 2001 from Mr. Anderson?

A: <u>No. Like I said, I recall it being toward the end of 2002 - - 2002, after 2002 season.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT ELEVEN: (18 U.S.C. § 1503 – Obstruction of Justice)

30. The factual allegations contained in paragraphs one through nine above are incorporated herein as if set forth in full.

31. On or about December 4, 2003, in the Northern District of California, and elsewhere, the defendant,

BARRY LAMAR BONDS,

did corruptly influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede, the due administration of justice, by knowingly giving Grand Jury testimony that was intentionally evasive, false, and misleading, including but not limited to the false statements made by the defendant as charged in Counts One through Ten of this Indictment.

///

///

All in violation of Title 18, United States Code, Section 1503.

DATED: 12-4-08

A TRUE BILL.

/s/ FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: /s/ )
 AUSA PARRELLA

SECOND SUPERSEDING INDICTMENT
CR 07-0732-SI                                                11