1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  MATTHEW A. PARRELLA (NYSBN #2040855)
   JEFFREY D. NEDROW (CSBN #161299)
5  JEFFREY R. FINIGAN (CSBN #168285)
   J. DOUGLAS WILSON (DCBN #412811)
6  Assistant United States Attorneys

7  150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
8  Telephone: (408) 535-5045
   Facsimile:  (408) 535-5066
9  Email: jeff.nedrow@usdoj.gov

10 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0732-SI |
| Plaintiff, | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SEAL** |
| v. | |
| BARRY BONDS, | |
| Defendant. | |

## INTRODUCTION

The United States opposes defendant Barry Bonds's motion to seal the exhibits attached to his January 15, 2009 motion in limine. Bonds's motion fails to provide an appropriate factual or legal basis for sealing these exhibits, which include correspondence between the parties and several evidentiary items which the government intends to introduce at trial, including urine test results, doping calendars, and handwritten notes. The motion to seal should be denied.

U.S. OPPOSITION TO DEFENDANT'S
MOTION TO SEAL
[CR 07-0732-SI]

**FACTS**

The defendant's January 15, 2009 motion in limine, which was publicly filed, included three exhibits filed under seal: (1) Exhibit A, the defendant's December 12, 2008 letter to the government containing evidentiary objections; (2) Exhibit B, the government's December 26, 2008 letter responding to the defendant's objections; and (3) Exhibit C, a compendium of items the defense seeks to exclude from the trial in this case, including urine test results for the defendant, doping calendars for the defendant found at Greg Anderson's residence, and handwritten notes found at Anderson's residence.

The defendant makes two arguments in an effort to justify the filing of these items under seal. First, the defense suggests, without any case authority, that because these items had been presented to the grand jury in this case, filing them under seal was the correct procedure "given the lack of clarity as to the application of Rule 6(e)." Defendant's Motion in Limine, p. 3, fn. 3; Defendant's Motion to Seal. Second, the defense claimed the public disclosure of these items, which it deems to be "likely inadmissible," would "greatly prejudice Mr. Bonds's rights to a fair and impartial jury." Defendant's Motion in Limine, p. 3, fn. 3.

The defendant's motion in limine includes lengthy quotations from the government's letter on the topics of the test results (Defendant's Motion in Limine, p. 8, lines 5-14) and the doping calendars (Id., p. 10, lines 1-11), as well as shorter verbatim passages on the topics of the introduction of handwritten notes (Id., p. 20, lines 1-4) and lay testimony by witnesses who observed the effects of Bonds's steroid use firsthand (Id., pp. 23-24, lines 27-28, 1-6). The motion itself is permeated with substantive argument regarding the various sealed items which Bonds seeks to exclude.

**ARGUMENT**

The Supreme Court has long held that the public has a right to attend criminal trials, a right that is rooted both in the First Amendment and the common law, see, e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980), as well as presumed right of access to pretrial proceedings and documents, see, e.g., Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986).

This Court recognizes the Supreme Court's finding of a general presumption of access to pretrial documents through its local rules, which presume a public filing of pretrial documents with the Court absent a specific, narrowly tailored showing of the need to seal a particular document. Criminal Local Rule 55-1(b), the rule governing the filing of sealed documents in criminal cases, states that "[e]xcept for Civil L.R. 79-5(e), all other provisions of Civil L.R. 79-5 apply to the filing of documents under seal in criminal cases." Civil L.R. 79-5, in turn, states the following, in pertinent part:

> (a) **Specific Court Order Required**. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable".] The request must be narrowly tailored to seek sealing only sealable material, and must conform with Civil L.R. 79-5(b) or (c).

As noted in the commentary to Civil L.R. 79-5, "[a]s a public forum, the Court has a policy of providing to the public full access to papers filed in the Office of the Clerk." In sum, while in some cases, "law or regulation" requires the sealing of documents that contain confidential information, the presumption is that documents are to be publicly filed.

Bonds's motion fails to provide any cognizable legal basis to seal the exhibits to his motion. Bonds's sole legal argument in support of his sealing motion is that Rule 6(e) precludes him from publicly filing the exhibits. This argument is wrong and a pretext by the defense to keep unfavorable evidence from the public eye while selecting incomplete passages from the sealed materials to cut and paste into the defense motion. First, it is well-settled law that defendants are not bound by the restrictions of Rule 6(e); the express provisions of the rule restrict the government and its agents from the dissemination of grand jury material, not the defense. In fact, the rule specifically prohibits any obligation of secrecy from being "imposed upon any person except in accordance with Rule 6(e)(2)(B)." Rule 6(e)(2)(B) lists a grand juror, court reporter, operator of a recording device, a person who transcribes recorded testimony, and a government attorney as the persons upon whom an obligation of secrecy is imposed, along with a limited catch-all provision for certain other government personnel. The defense contention that

the defendant is legally restricted from public disclosure pursuant to Rule 6(e) is simply not accurate.

The second reason that Rule 6(e) has no application to the defense sealing motion is that the items which the defense seeks to file under seal are not grand jury material. Exhibits A and B consist of correspondence between the parties from December 2008; these documents were obviously never submitted to any grand jury, and the letters do not contain Rule 6(e) material. Exhibit C appears to consist of documentary items which were seized pursuant to search warrant. While some or all of these items may have been presented to the grand jury, Rule 6(e) does not govern the disclosure of documents or other things obtained by means independent from the grand jury. See United States v. Dynavac, 6 F.3d 1407, 1412 (9th Cir. 1993) (disclosure of business records generated independently from the grand jury process and sought for legitimate purposes would not seriously compromise the secrecy of the grand jury's deliberation); In re Grand Jury Subpoena, 920 F.2d 235, 242 (4th Cir. 1990) (materials obtained by search warrants were not matters occurring before the grand jury). This is true even when such documents have later been examined by the grand jury. See United States v. Eastern Air Lines, 923 F.2d 241 (2d Cir. 1991).

Third, secrecy concerns regarding these materials were essentially mooted when the Court unsealed Bonds's grand jury testimony in 2008. The defense did not object to the unsealing of the transcript at the time of the unsealing, and it cannot reasonably object now to documents referenced in that transcript. The transcript of the defendant's grand jury testimony contains numerous detailed references to all of the materials Bonds now seeks to seal, including Bonds's drug test results, doping calendars, and other documents. There is no logical reason for items used to question Bonds in the grand jury to remain sealed when the testimony itself is not. There is no legal basis for the items to be filed under seal with the Court.

Bonds's second argument rests with his purported concern that his right to a fair trial will be compromised in this case if the documents are made public. This argument fails for two reasons. First, while this case has received its fair share of publicity, the public filing of

U.S. OPPOSITION TO DEFENDANT'S
MOTION TO SEAL
[CR 07-0732-SI]

4

documents pertinent to the case hardly compromises the defendant's right to a fair trial. Again, if that were so, the government would be essentially precluded from publicly prosecuting highly publicized criminal cases. The defendant is also incorrect to suggest that the potentially prejudicial nature of these items justifies their filing under seal; far more damaging items of evidence, such as confessions, are routinely publicly litigated in this Court and others. The solution to the problem of pretrial publicity is not the constitutionally impermissible forum of a sealed trial, but careful voir dire and jury instructions to ensure that all jurors approach the matter in a fair and unbiased state of mind. Second, the defendant's handling of the sealed materials in the instant motion belies his purported concern about disseminating information to the public. The defendant makes detailed and frequent use in his public filing to the sealed copy of the government's correspondence where it suits his interest, and conveniently omits portions of the sealed correspondence and exhibits which do not suit his needs. The purpose of the Court's practice of permitting sealed documents is to comply with legal confidentiality requirements, not to permit one party to gain a tactical advantage through the dissemination of beneficial material and the concealment of that which is damaging. Filing these exhibits under seal in these circumstances is a misuse of the sealing mechanism which should be rejected.

## CONCLUSION

For the above-stated reasons, the government respectfully requests that the defendant's motion to seal the Exhibits to the defendant's January 15, 2009 motion in limine be denied.

DATED: January 16, 2009          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_/s/_
MATTHEW A. PARRELLA
JEFFREY D. NEDROW
JEFFREY R. FINIGAN
J. DOUGLAS WILSON
Assistant United States Attorneys

U.S. OPPOSITION TO DEFENDANT'S
MOTION TO SEAL
[CR 07-0732-SI]

5