1  ALLEN RUBY (SBN 47109)                   CRISTINA C. ARGUEDAS (SBN 87787)
   LAW OFFICES OF ALLEN RUBY               TED W. CASSMAN (SBN 98932)
2  125 South Market Street #1001           ARGUEDAS, CASSMAN & HEADLEY, LLP
   San Jose, CA 95113                      803 Hearst Avenue
3  Telephone: (408) 998-8500 ext. 204      Berkeley, CA 94710
   Facsimile: (408) 998-8503               Telephone: (510) 845-3000
4                                          Facsimile: (510) 845-3003

5  DENNIS P. RIORDAN (SBN 69320)           MICHAEL RAINS (SBN 91013)
   DONALD M. HORGAN (SBN 121547)           RAINS, LUCIA & WILKINSON, LLP
6  RIORDAN & HORGAN                        2300 Contra Costa Blvd., Suite 230
   523 Octavia Street                      Pleasant Hill, CA 94523
7  San Francisco, CA 94102                 Telephone: (925) 609-1699
   Telephone: (415) 431-3472               Facsimile: (925) 609-1690
8  Facsimile: (415) 552-2703

9  Attorneys for Defendant
   BARRY LAMAR BONDS
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14
   UNITED STATES OF AMERICA,        )  Case No. CR 07 0732 SI
15                                   )
                                     )
16              Plaintiff,           )  **DEFENDANT'S RESPONSE TO UNITED
                                     )  STATES' OPPOSITION TO MOTION
17        vs.                        )  TO SEAL**
                                     )
18                                   )
   BARRY LAMAR BONDS,                )
19                                   )
                Defendant.           )
20
21        Defendant respectfully submits the following in response to the Government's

22 Opposition to Defendant's Motion to Seal.

23        1.    The Defendant's Motion to Seal was filed in an abundance of caution. The

24 defense has received thousands of pages of discovery from the Government, including Grand

25 Jury transcripts, and Grand Jury exhibits. In some instances it is not possible to determine

26 whether particular documents were originally obtained by the Government by a Grand Jury

27 Subpoena, or a search warrant, or other means.

28        Especially in light of the rancorous history of the BALCO litigation, the defense did not

want its Motion in Limine to be greeted by a Government claim that Grand Jury secrecy had been violated, or the confidentiality of discovery materials had somehow been breached. Those concerns are now mooted because the Government has made it clear that there are no confidentiality limitations on materials supplied in discovery.

2.     The Court in its discretion may wish to consider whether jury selection will be unduly burdened by immediate publication of laboratory "tests" and hearsay documents that may never come into evidence. Of course there will be a public trial at which all the testimony and other evidence will be freely accessible. That is not quite the same as endorsing publication, prior to jury selection, of inflammatory materials that the trial jury may never see.

3.     What should be immediately unsealed, beyond any doubt, are all documents on file in this Court in the BALCO case. The pleas and sentencings in BALCO are years old, yet there are still sealed and redacted search warrants and sealed motions, among other things, in the Clerk's Office. In light of the Government's professed advocacy for "a presumed right of access to pretrial proceedings and documents," (United States' Opposition at page 2), the Government undoubtedly will join the defense in making sure that the entire BALCO record is finally open to public scrutiny.

This is a matter of consequence to the pending Motion in Limine. The Government's letter of December 26, 2008, suggests that it will try to use BALCO documents and one of the BALCO principals to establish a foundation for evidence against Mr. Bonds. The Government has represented that its BALCO files have been made available to the defense in discovery.

//

//

//

//

//

1  There is no conceivable reason, then, why BALCO documents on file with the Court should any

2  longer be sealed or redacted.

3  Dated: January 20, 2009                    Respectfully submitted,

4                                             LAW OFFICES OF ALLEN RUBY

5                                             ARGUEDAS, CASSMAN & HEADLEY, LLP

6                                             RAINS, LUCIA & WILKINSON, LLP

7                                             RIORDAN & HORGAN

8
                                             By   /s/Allen Ruby
9                                                     Allen Ruby

10                                            Counsel for Defendant
                                             Barry Lamar Bonds
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28