ALLEN RUBY (SBN 47109)
LAW OFFICES OF ALLEN RUBY
125 South Market Street #1001
San Jose, CA 95113
Telephone: (408) 998-8500 ext. 204
Facsimile: (408) 998-8503

CRISTINA C. ARGUEDAS (SBN 87787)
TED W. CASSMAN (SBN 98932)
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703

Attorneys for Defendant
BARRY LAMAR BONDS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BARRY LAMAR BONDS,<br><br>　　　　　Defendant. | Case No. CR 07 0732 SI<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE SEALED, OVERSIZED REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE** |

Defendant Barry Bonds hereby moves this Court for an order granting him leave to file his accompanying reply memorandum, which contains 28 pages, in support of his pending motion in limine scheduled for hearing on Thursday, February 5, 2009 at 10:30 a.m. in the Courtroom of the Honorable Susan Illston.

In support of this motion, Dennis P. Riordan declares under penalty of perjury that:

1. I am one of the attorneys for defendant Bonds in this matter.

2. Accompanying this motion is defendant's proposed reply memorandum in support of his petition motion in limine to exclude evidence filed on January 15, 2009.  The proposed memorandum contains 28 pages and thus exceeds the 15 page limit normally applied to such memoranda under Criminal Local Rules 47-2(d) and Civil Local Rule 7-4(b).

3. The reply memorandum is necessitated by the pleadings that preceded it.  Under the Court's scheduling order, the parties were first to exchange documents that would include an offer of proof by the government as to contested evidentiary issues. The government provided the defendant with a four page letter in that regard containing no information on certain key questions.  As merely one example, while the government's letter indicated that the it would tender certain hearsay statements as those of co-conspirators, it said nothing about the nature of the conspiracy the statements purportedly furthered.

4. On January 15, 2009, the defense then filed with the Court a 26-page motion in limine objecting to evidence that it anticipated would be offered by the government at trial and to the theories upon which that evidence would be proffered, to the extent the government's letter permitted defense counsel to discern what that evidence and those theories would be.

5. On January 29, 2009, the government responded with a 53-page opposition that, needless to say, contained a wealth of information and argument not previously provided to the defense.

6. Defense counsel submit that it will facilitate the Court's decision-making if it receives defendant's accompanying reply to these new matters in writing and in advance of the hearing scheduled for Thursday, February 5th.

7. Defendant recognizes that today, the Court ordered the pleadings in this matter unsealed.  Because that order does not take effect until this Wednesday, February 4th, defendant requests that the proposed reply and any supporting exhibits be placed under seal until that time.

//

//

//

8  For the foregoing reasons, I respectfully request that the Court permit the filing under seal of defendant Bonds's proposed reply memorandum and supporting exhibits.

Executed this 2nd day of February, 2009, at San Francisco, California.



    /s/ Dennis P. Riordan
        Dennis P. Riordan