ALLEN RUBY, SB #47109
LAW OFFICES OF ALLEN RUBY
125 South Market Street, Suite 1001
San Jose, CA 95113-2379
Telephone: 408 998-8500
Facsimile: 408-998-8503

CRISTINA C. ARGUEDAS, SB #87787
TED W. CASSMAN, SB #98932
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: 510-845-3000
Facsimile: 510-845-3003

DENNIS P. RIORDAN, SB # 69320
DONALD M. HORGAN, SB #121547
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: 415-431-3472
Facsimile: 415-552-2703

Attorneys for Defendant
BARRY BONDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,

    vs.

BARRY LAMAR BONDS,

    Defendants

)
)
)
)
)
)
)
)
)
)
)

Case No.: CR 07-0732 SI

DEFENDANT'S PRETRIAL
SUBMISSION IN RESPONSE TO
ORDER FOR PRETRIAL
PREPARATION

Trial Date: March 2, 2009
Hon: Susan Illston

Pursuant to the Court's Order for Pretrial Preparation filed June 19, 2008, Defendant Barry Bonds respectfully submits the following:

Dockets.Justia.com

MOTIONS IN LIMINE:

On January 15, 2009, Defendant filed Motions *in Limine* which were heard on February 6, 2009. Defendant does not presently anticipate additional Motions *in Limine* prior to the commencement of trial.

However, depending on how the Government decides to present its case, Defendant may have contemporaneous objections to at least the following subjects:

1. <u>Negative effects of steroids on children and others in context not relevant to this case.</u> At the Grand Jury the Government presented expert testimony concerning the dangers of steroids for children and adolescents. If such evidence is offered at trial, we will ask the Court to exclude it as irrelevant and unduly prejudicial under Rules 402 and 403.

2. <u>Character Assassination Evidence.</u> If the Government seeks to introduce evidence of insensitive statements made by Mr. Bonds, or evidence of intimate relationships in his personal life, we will ask the Court to exclude such evidence as irrelevant and unduly prejudicial under Rules 402 and 403.

3. <u>Financial Information:</u> Entirely apart from all the information which Mr. Bonds truthfully provided to the Grand Jury, we will ask the Court to exclude as irrelevant and unduly prejudicial under Rules 402 and 403 any evidence that the Government may attempt to offer concerning alleged cash transactions, with implications of tax violations of which Mr. Bonds has never been accused.

4. <u>Personal Medical Information:</u> Defendant will ask the Court to exclude under Rules 402 and 403 any evidence of medical conditions or medical treatment received by Mr. Bonds having nothing to do with baseball or alleged use of performance enhancing drugs.

5. <u>Other Evidence:</u> It is impossible to know ahead of time – and especially before Defendant has received the Government's witness list and exhibit list – to predict all of the evidentiary objections that may be required. Defendant respectfully reserves his right to bring evidentiary issues to the attention of the Court, by contemporaneous objection or otherwise, as they arise.

**PRETRIAL CONFERENCE**:

1.     Trial Memorandum: Defense counsel believe that a Trial Memorandum discussing the anticipated evidence in this case would be inconsistent with the Defendant's right to an effective defense. In its Motions *in Limine* filed January 15, 2009, and in the preceding discussion of additional Motions *in Limine* that may arise, defendant has attempted to identify legal and evidentiary issues that are, or may become, important to this case.

2.     Witness List: Attached as Exhibit "A" is a copy of a partial list of witnesses who may be called. Defense counsel believe that listing additional witnesses, who are potential impeachment witnesses, would be inconsistent with the Defendant's right to an effective defense. It would provide untruthful Government witnesses – if any there be – with advance warning of conversations, relationships and transactions as to which impeaching evidence is – and importantly, is not – available for presentation at trial.[1]

3.     Jury Instructions: Defendant believes that the instructions contained in the Ninth Circuit Manual of Model Jury Instructions adequately address the issues raised by the case in its present posture. He may, however, propose special instructions if, during the course of the trial, issues concerning the evidence, legal theories, and other matters arise which the model instructions do not adequately address.

4.a.     Form of Verdict: Attached is a copy of Exhibit "B" which is a Proposed Verdict Form, which follows the Verdict Form in the *United States v. Thomas* trial.

4.b.     Proposed Questions for Jury *Voir Dire*: In light of the agreed Jury Questionnaire, Defendant does not propose specific *voir dire* questions for the Court. Because of the longstanding, extensive and ongoing media attention to this case, Defendant respectfully requests a reasonable amount of attorney-conducted *voir dire*.

5.     Exhibit List: Attached as Exhibit "C" is a copy of a partial list of exhibits which may be offered in evidence by the defense. Defense counsel believe that listing additional

---

[1] A number of impeaching witnesses unavoidably had to be identified on the attached Witness List because they are Government agents subpoenaed through the prosecution.

documents, which are impeachment evidence, would be inconsistent with the Defendant's right to an effective defense. It would provide untruthful Government witnesses – if any there be – with advance notification of impeaching evidence, so that they could tailor their testimony accordingly.

MEET AND CONFER:

Counsel for the parties have conferred on an ongoing basis on issues of discovery and trial management, in an effort to reach reasonable stipulations for an efficient trial.

Respectfully submitted,

DATED: February 13, 2009        LAW OFFICES OF ALLEN RUBY

/s/
Allen Ruby, Attorney for
Defendant Bonds,

DATED: February 13, 2009        ARGUEDAS, CASSMAN & HEADLEY, LLP

/s/
Cristina A. Arguedas, Attorney for
Defendant Bonds,