VOLUME 15

PAGES 2129 - 2149

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SUSAN ILLSTON, JUDGE

UNITED STATES OF AMERICA,      )
                               )
            PLAINTIFF,         )
                               )
   VS.                         )        NO. CR 07-0732 SI
                               )
BARRY LAMAR BONDS,             )
                               )
            DEFENDANT,         )
_____)

SAN FRANCISCO, CALIFORNIA
WEDNESDAY, APRIL 13, 2011

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

FOR PLAINTIFF:            MELINDA L. HAAG
                         UNITED STATES ATTORNEY
                         450 GOLDEN GATE AVENUE
                         SAN FRANCISCO, CALIFORNIA  94102
                  BY:    **JEFFREY DAVID NEDROW**
                         MATTHEW A. PARRELLA
                         MERRY JEAN CHAN
                         ASSISTANT UNITED STATES ATTORNEYS


FOR DEFENDANT:           SKADDEN, ARPS, SLATE
                         MEAGHER & FLOM, LLP
                         525 UNIVERSITY AVENUE
                         SUITE 1100
                         PALO ALTO, CALIFORNIA  94301
                  BY:    **ALLEN RUBY**
                         ATTORNEY AT LAW
                  **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:             JAMES YEOMANS, CSR #4039, RPR
                         OFFICIAL REPORTER
                  COMPUTERIZED TRANSCRIPTION BY ECLIPSE

```
1   APPEARANCES:  (CONTINUED)

2   FOR DEFENDANT:          ARGUEDAS, CASSMAN & HEADLEY, LLP
                            803 HEARST AVENUE
3                           BERKELEY, CALIFORNIA  94710
                    BY:  CRISTINA C. ARGUEDAS
4                        TED CASSMAN
                         ATTORNEYS AT LAW
5

6                           RIORDAN & HORGAN
                            523 OCTAVIA STREET
7                           SAN FRANCISCO, CALIFORNIA  94102
                    BY:  DENNIS P. RIORDAN
8                        DONALD M. HORGAN
                         ATTORNEYS AT LAW
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

JAMES YEOMANS - OFFICIAL REPORTER - (415)863-5179

1    WEDNESDAY, APRIL 13, 2011                          1:45 P.M.

2              (THE FOLLOWING PROCEEDINGS WERE HEARD OUT OF THE

3    PRESENCE OF THE JURY:)

4         **THE COURT:**  I DO NOT KNOW FOR SURE, BUT I BELIEVE THAT

5    WE HAVE -- WE WERE TOLD THEY REACHED AGREEMENT ON SOME, BUT NOT

6    ALL OF THE QUESTIONS PUT TO THEM.

7              TRACY HASN'T HAD ANY SUBSTANTIVE DISCUSSION WITH

8    ANYONE, BUT SOUNDED AS IF THAT'S WHAT'S GOING ON.

9              SO HAVE YOU GIVEN ANY THOUGHT TO WHAT WE SHOULD DO?

10        **MR. PARRELLA:**  WELL, IS THERE AN OFFICIAL

11   COMMUNICATION FROM THE JURY, A NOTE OR REPORT?

12        **THE COURT:**  AS I UNDERSTAND IT, THIS IS ALL HEARSAY

13   THROUGH TRACY, BUT I THINK THEY SAID SOMETHING LIKE WE HAVE A

14   VERDICT, AND THEN IT BECAME CLEAR THAT THEY HAD NOT REACHED

15   AGREEMENT ON ALL OF THE COUNTS.

16        **MR. PARRELLA:**  REALLY BE A PARTIAL VERDICT.

17        **THE COURT:**  BE A PARTIAL VERDICT.  I THINK, THAT'S THE

18   BEST ESTIMATION OF WHAT WE HAVE NOW.

19        **MR. PARRELLA:**  OKAY.  AND THERE'S NO INDICATION OF

20   COUNTS OR ANYTHING LIKE THAT?

21        **THE COURT:**  NO.

22        **MR. PARRELLA:**  IF WE COULD HAVE A MOMENT?

23        **THE COURT:**  SURE.

24              (PAUSE IN PROCEEDINGS.)

25        **MR. RUBY:**  WELL, IF THE JURY SAYS THAT THEY HAVE NOT

1  REACHED A VERDICT, THEN WE'D LIKE AN OPPORTUNITY TO CONFER AND

2  THEN, PERHAPS, PROVIDE SOME INPUT TO THE COURT.  I WILL CONFESS

3  I'M UNCERTAIN AS TO WHERE WE STAND NOW.

4          **THE COURT:**  AS AM I.  LET'S ASSUME FOR A MOMENT,

5  BEFORE WE BRING THEM OUT, LET'S ASSUME FOR THE MOMENT THEY SAY,

6  WELL, WE'VE REACHED UNANIMOUS AGREEMENT WITH RESPECT TO ONE OR

7  MORE OF THE COUNTS, BUT AS TO OTHERS WE HAVE NOT.  AND WE THINK

8  WE'RE DEADLOCK.  LET'S SAY, THAT'S WHERE THEY THINK THEY STAND.

9          THEN WE HAVE A NUMBER -- A COUPLE OF OPTIONS.  ONE

10  OPTION WOULD BE TO GIVE THEM THE SO-CALLED ALLEN CHARGE, WHICH

11  IS AN -- HARDLY AN ALLEN CHARGE, BUT IT SAYS GO BACK AND TRY A

12  LITTLE MORE, WE COULD DO THAT OR NOT.

13          I COULD INQUIRE IF THEY THINK IT WOULD BE HELPFUL TO

14  THEM TO GO BACK AND TALK SOME MORE ABOUT IT OR SOMETHING ELSE.

15          **MR. RUBY:**  YOUR HONOR, IF THE COURT PLEASE, GIVEN THE

16  IMPORTANCE AND DELICACY OF THIS, IF THE COURT'S INQUIRY YIELDS

17  THE HYPOTHESIS THEY REACHED AGREEMENT ON SOMETHING BUT NOT ALL,

18  I WOULD RESPECTFULLY ASK FOR A VERY SHORT OPPORTUNITY TO CAUCUS

19  WITH MY COLLEAGUES AND HOPEFULLY BE OF MORE ASSISTANCE TO THE

20  COURT THEN WITH A WAY FORWARD.

21          BUT, AGAIN, GIVEN THE IMPORTANCE OF THINGS I'D BE

22  RELUCTANT TO DEAL TOO MUCH IN HYPOTHESIS, IF THE COURT PLEASE.

23          **THE COURT:**  YOU ALSO?

24          **MR. PARRELLA:**  THE ONLY THING I WOULD SUGGEST AS WELL,

25  IS THAT THE COURT SHOULD INQUIRE -- I WOULD SUGGEST THAT THE

1    COURT SHOULD INQUIRE IF FURTHER DELIBERATIONS WOULD BE HELPFUL.

2    MAKING CLEAR TO THE JURY THAT'S AVAILABLE TO THEM.

3         I WANT TO BE CLEAR, I'M NOT ASKING THE PROSECUTION,

4    NOT ASKING FOR THE ALLEN CHARGE OR ANYTHING LIKE THAT, BUT I

5    THINK AS PART OF FINDING OUT WHERE THEY ARE, FINDING OUT

6    WHETHER FURTHER DELIBERATION WOULD BE FRUITFUL IS SOMETHING THE

7    COURT COULD INQUIRE INTO.

8         **THE COURT:** I CAN DO THAT. SO, PERHAPS, WHAT I CAN

9    DO, IS FIND OUT WHAT THE DEAL IS, AND IF IT IS WE'VE REACHED

10   AGREEMENT ON ONE, OR TWO, OR SOMETHING, BUT NOT ON ANYTHING

11   ELSE, I'LL TELL THEM THAT WE ARE GOING TO -- I'LL JUST SEND

12   THEM BACK, SAY WE WILL CONSIDER WHAT THEY TOLD US, AND WE WILL

13   GET BACK TO THEM.

14        BUT IN THE MEANTIME ASK THEM IF THEY THINK THAT

15   FURTHER DISCUSSION WOULD BE FRUITFUL FOR THEM, WITHOUT GIVING

16   THEM -- I COULD DO THAT WITHOUT TELLING THEM WHETHER WE WILL OR

17   WON'T MAKE THEM DO THAT.

18        **MR. RUBY:** YOUR HONOR, TWO THINGS. IF THE COURT

19   PLEASE, IT'S STILL UNCLEAR TO ME, AND MAYBE I'M ALONE ON THIS,

20   BUT STILL UNCLEAR TO ME, THE CONTENT OF THE COMMUNICATIONS THAT

21   HAVE COME FROM THE JURY SO FAR.

22        I MEAN, WE'RE ALL ASSEMBLED HERE BECAUSE WHAT WE

23   THOUGHT WERE ONE KIND OF COMMUNICATION, IF THERE HAD BEEN

24   OTHERS, IS THE COURT -- WOULD THE COURT, PLEASE, LET US

25   UNDERSTAND THEN ON THE RECORD WHAT THOSE COMMUNICATIONS ARE,

1  WHEN THEY WERE, DID THEY ALL COME AT ONCE, IF DID THEY COME

2  OVER TIME, IS IT POSSIBLE TO DO THAT?

3       **THE COURT:** SURE. HOW ABOUT WE ASK MS. FARAKAS TO

4  TELL US, WHAT DID THEY SAY?

5       **THE CLERK:** GOT THE KNOCK ON THE DOOR, I OPENED THE

6  DOOR AND THEY SAID WE HAVE A VERDICT, WE NEED TO PASS OUT THE

7  VERDICT. LIKE, OKAY, SO I MADE ALL MY CALLS AND DID WHAT I

8  DID.

9       I LATER GO BACK IN TO TELL THEM TO DISCARD THEIR

10 NOTES, THEN THEY STARTED QUESTIONING ME ABOUT THAT.

11      AND I SAID, DO YOU HAVE A VERDICT OR NOT BECAUSE WHY

12 WOULD YOU KEEP YOUR NOTES IF IT'S OVER. AND THEY'RE LIKE,

13 WELL, ITS -- I'M TRYING TO THINK EXACT WAY WHAT THEY SAID, THEY

14 WERE ALL SORT OF TRYING TO EXPLAIN IT. AND THEY SAID TO ME

15 THAT THEY WEREN'T QUITE SURE WHAT TO SAY BECAUSE THEY HAD

16 REACHED A VERDICT ON ONE BUT NOT ALL.

17      AND THERE WAS NO FORM TO EXPLAIN THAT ON AND THEY

18 DIDN'T KNOW WHAT TO DO. SO THEY JUST SAID THEY HAD A VERDICT.

19      **MS. ARGUEDAS:** WHY DO WE NEED TO DO ANYTHING RIGHT

20 NOW? THEY HAVEN'T ASKED TO COME OUT.

21      **THE COURT:** THEY DID.

22      **MS. ARGUEDAS:** THAT DOESN'T SOUND LIKE THEY ASKED TO

23 COME OUT HERE.

24      **THE CLERK:** WHEN I OPENED THE DOOR AT THE FIRST

25 REQUEST THEY TOLD ME THEY HAD A VERDICT TO DISSEMINATE, SO I

1  TOOK THAT AS THEY WERE DONE.

2  　　　　IT WAS ONLY UNTIL I REMINDED THEM TO DISCARD THEIR

3  NOTES, TO NOT SHARE THEM, TAKE THEM WITH THEM, WHATEVER, SO

4  THEY COULD, AT LEAST, TAKE THE TIME BETWEEN NOW AND THE READING

5  OF IT TO GET RID OF THEIR NOTES.  THAT'S THE ONLY WAY I FOUND

6  OUT THAT THEY DIDN'T WANT TO GET RID OF THEIR NOTES.

7  　　　　SO I REALLY DON'T KNOW WHAT ELSE TO SAY, EXCEPT THAT'S

8  WHAT HAPPENED.  THAT'S HOW I FOUND OUT.

9  　　　　**MR. RUBY:**  EXCUSE ME.

10 　　　　　　　　　(PAUSE IN PROCEEDINGS.)

11 　　　　**MR. RUBY:**  YOUR HONOR, IS IT -- DOES IT MAKE SENSE FOR

12 THE COURT TO SEND A NOTE IN RATHER THAN BRING THEM ALL OUT

13 HERE, IF THE QUESTION IS, I'M PARAPHRASING, WHERE DO YOU STAND?

14 　　　　I JUST WONDER IF IT MIGHT BE MORE PRECISE TO DO THAT

15 BY NOTE AND ASK THEM TO RESPOND BY NOTE.

16 　　　　**THE COURT:**  WE COULD RESPOND BY NOTE, WHAT I WAS

17 THINKING ABOUT TELLING THEM WAS THIS:

18 　　　　PERHAPS, WE'VE MISUNDERSTOOD WHAT'S GOING ON HERE.  I

19 COULD JUST SAY, YOU INDICATED YOU REACHED RESULT ON ONE THING,

20 YOU NEED TO BE UNANIMOUS ON ALL OF THOSE, SO LET'S US KNOW IF

21 YOU'RE DONE.  THEN THEY COME BACK WITH A QUESTION WHY.

22 　　　　**MR. RUBY:**  EXCUSE ME?

23 　　　　**THE COURT:**  THEY HAVEN'T SAID ANYTHING ABOUT DEADLOCK,

24 WE'RE KIND OF ASSUMING THAT MUST BE WHERE WE ARE.  PERHAPS,

25 THEY MEANT WE FINISHED THE ONE, NOW WE'RE GOING TO MOVE ONTO

1  OTHERS, BUT IT WOULD BE VERY ODD THEY HAVE, YOU KNOW, HAD

2  CALLED US THE WAY THEY DID AT THIS POINT.

3          **MS. ARGUEDAS:**  CAN I HAVE ONE SECOND?

4          **THE COURT:**  SURE.

5                  (PAUSE IN PROCEEDINGS.)

6          **MR. RUBY:**  WHAT IF --

7          **THE COURT:**  DID YOU JUST THINK OF SOMETHING?

8          **MR. RUBY:**  I JUST THOUGHT OF SOMETHING, BUT MY

9  THOUGHTS ARE COMING FAST AND FURIOUS.

10          DOES IT MAKE SENSE TO SEND A NOTE TO THE JURORS

11  SAYING, WE UNDERSTAND YOU HAVE SOME INFORMATION TO COMMUNICATE

12  TO US, WOULD YOU PLEASE DO IT BY NOTES, SIGNED BY YOUR

13  FOREPERSON.  AND THEN WE CAN SEE WHAT THEY SAY, AND NO ONE

14  IS -- AND WE'LL ALL HAVE IT IN WRITING AND CAN REFLECT ON IT IN

15  THAT FORM.

16          **MR. PARRELLA:**  I DON'T HAVE AN OBJECTION TO THAT.  I

17  THINK, I SHOULDN'T SAY, WE SHOULD SAY THE COURT --

18          **THE COURT:**  SAY AGAIN WHAT YOU WOULD SAY?

19          **MR. RUBY:**  SUPPOSE THE COURT WERE TO SEND IN A NOTE

20  SAYING THAT THE COURT UNDERSTANDS THAT THE JURY HAS A

21  COMMUNICATION FOR THE COURT, IF SO, COULD YOU PLEASE PUT IT IN

22  WRITING IN THE FORM OF A NOTE SIGNED BY YOUR FOREPERSON.

23          **MR. PARRELLA:**  THE ONLY DANGER, WE CERTAINLY DON'T

24  WANT TO DRAW A RESPONSE THAT INCLUDES A VERDICT, REPORTING THE

25  VERDICT AND/OR A SPLIT OF THE ACTUAL JURORS IN THAT RESPONSE.

1       **MS. ARGUEDAS:** IT COULD SAY, IF YOU THE JURY HAVE

2   SOMETHING TO SAY TO THE COURT, PLEASE DO SO BY A NOTE TO THE

3   JUDGE.  AND THEN WE WON'T -- THAT WILL BE TELLING THEM ALSO

4   THEY SHOULDN'T REALLY BE COMMUNICATING THROUGH YOUR CLERK, THEY

5   SHOULD BE COMMUNICATING BY NOTE, BUT IT WILL BE SAYING IT IN A

6   FRIENDLY WAY.

7       **THE COURT:** WELL, HOW ABOUT, ALL RIGHT, I GUESS, THE

8   EASY THING FOR ME TO STICK MY HEAD IN THERE.

9       **MR. PARRELLA:** FINE BY US.

10      **THE COURT:** BUT THEN WE HAVE TO HAVE A COURT REPORTER,

11  JUST GETS TO BE CUMBERSOME.  SO IF YOU WANT TO DO THAT, WE CAN

12  DO THAT.  WHY DON'T YOU WORK OUT THE SENTENCE AND I'LL TAKE THE

13  SENTENCE BACK.

14      **MR. RUBY:** THANK YOU.

15      **THE COURT:** THE MAIN THING HAS TO BE UNDERSCORED,

16  THEY'RE NOT TO TELL US HOW THEY STAND IN NUMBERS OR OTHERWISE

17  IN THE NOTE THAT THEY SEND US.

18                  (PAUSE IN PROCEEDINGS.)

19      **THE COURT:** HAVE YOU SHOWN THEM TO EACH OTHER?

20      **MR. RUBY:** JUST ABOUT TO DO THAT, YEAH.

21      **THE COURT:** OKAY.  TELL YOU WHAT, I'M NOT GOING TO USE

22  EITHER, I'M GOING TO CALL THEM BACK IN.

23      TRACY, WOULD YOU BRING THEM.

24      (PROCEEDINGS HELD IN OPEN COURT, JURY PRESENT.)

25      **THE COURT:** WELCOME BACK, LADIES AND GENTLEMEN.  YOU

1    MAY ALL BE SEATED.

2            LADIES AND GENTLEMEN, I WANTED TO ASK YOU, HAVE YOU

3    REACHED A VERDICT ON ALL THE QUESTIONS PUT TO YOU ON THE

4    VERDICT FORM?

5            **THE FOREPERSON:**  NO, WE HAVE NOT.

6            **THE COURT:**  HAVE YOU REACHED A CONCLUSION ON ANY OF

7    THEM?

8            **THE FOREPERSON:**  YES.

9            **THE COURT:**  ALL RIGHT.  DO YOU FEEL IT WOULD BE USEFUL

10   TO YOU TO SPEND SOME MORE TIME TALKING ABOUT ALL THE OTHERS?

11           **THE FOREPERSON:**  NO.

12           **THE COURT:**  ALL RIGHT.  WELL, LET ME TELL YOU THIS.

13   WE HAVE A NUMBER OF OPTIONS WE CAN FOLLOW AT THIS TIME.

14   DOESN'T TAKE TOO MUCH IMAGINATION, PROBABLY FIGURE OUT THERE'S

15   A FEW THINGS WE CAN DO AT THIS POINT.

16           SO WHY DON'T YOU GO BACK IN THE ROOM FOR A MINUTE AND

17   WE'LL CONTACT YOU AGAIN SHORTLY.

18           (THE JURY WAS EXCUSED FROM THE COURTROOM.)

19           (PROCEEDINGS HELD IN OPEN COURT, JURY NOT PRESENT).

20           **MR. RUBY:**  MAY WE?

21           **THE COURT:**  SURE.

22                   (PAUSE IN PROCEEDINGS.)

23           **MR. RUBY:**  IS THE COURT READY FOR A SUGGESTION?

24           **THE COURT:**  SURE.

25           **MR. RUBY:**  WE RESPECTFULLY SUBMIT THE COURT SHOULD

1 DECLARE A MISTRIAL AS TO ANY OF THE COUNTS ON WHICH THE JURY

2 HAS NOT REACHED A VERDICT AND AS TO WHICH THEY JUST ADVISED US

3 ALL THEY DO NOT BELIEVE FURTHER DELIBERATIONS WOULD BE

4 FRUITFUL, AND THEN RECEIVE THE VERDICT AS TO THE COUNT OR

5 COUNTS ON WHICH THEY HAVE REACHED A VERDICT.

6           **THE COURT:** MR. PARRELLA.

7           **MR. PARRELLA:** WE AGREE THAT THE VERDICT SHOULD BE

8 RECEIVED. I GUESS, THE COURT WILL MAKE ITS DECISION AT THAT

9 POINT, DEPENDING WHAT THE JURY SAYS, BUT IF IT'S A MISTRIAL ON

10 THE OTHER COUNTS BECAUSE IT'S A HUNG JURY ON THOSE OTHER

11 COUNTS, SO BE IT.

12           **THE COURT:** SO THEN YOU BOTH AGREE THAT WE SHOULD LET

13 THEM GO NOW?

14           **MR. RUBY:** I THINK, THE SEQUENCE -- BUT, YES, I THINK

15 THE SEQUENCE IS VERY IMPORTANT. I THINK, IF THERE IS -- IF THE

16 COURT IS PREPARED TO RECEIVE A VERDICT ON ONE BUT NOT ALL

17 COUNTS, I THINK, A MISTRIAL AS TO THE DISAGREEMENT COUNTS NEEDS

18 TO COME FIRST. AND THEN THE COURT, IN MY VIEW, CAN THEN

19 RECEIVE A VERDICT ON THE COUNT WHICH THEY RECEIVED A VERDICT.

20           I DON'T THINK WE ALL GET TO HEAR A VERDICT ON A COUNT

21 AND THEN DECIDE WHAT TO DO WITH THE REMAINING COUNTS, I THINK

22 THAT WOULD BE INCORRECT.

23           **THE COURT:** WELL, OF COURSE, YOU'RE RIGHT. SO WHAT WE

24 NEED TO DECIDE IN THE FIRST INSTANCE, IS WHETHER WE WILL SAY TO

25 THEM:

1  THANK YOU FOR YOUR EFFORTS, GIVE ME YOUR ENVELOPE, AND

2  AFTER WE READ THIS OUT LOUD YOU CAN ALL GO HOME.

3  IN WHICH CASE THE VERDICT WOULD BE RECEIVED ON THE

4  COUNT THAT'S BEEN DECIDED, AND IF THERE ARE COUNTS THAT HAVE

5  NOT BEEN DECIDED, THEN THOSE WOULD BE HUNG AND, THEREFORE, A

6  MISTRIAL AS TO THEM WOULD BE DECLARED.

7  I MEAN, YOU WON'T KNOW THAT UNTIL WE SEE A VERDICT

8  FORM.  AND THEY CAN GO HOME.  SO THAT'S ONE THING THAT COULD

9  HAPPEN.

10  THE OTHER THING THAT COULD HAPPEN IS I COULD SAY:

11  THANK YOU FOR YOUR WORK, BUT YOUR WORK HERE IS NOT

12  DONE.  TAKE YOUR ENVELOPE, GO BACK IN THE ROOM AND THINK SOME

13  MORE ABOUT THE OTHER COUNTS.

14  SEEMS TO ME THOSE ARE OUR TWO CHOICES.  YOU BOTH AGREE

15  YOU MIGHT AS WELL THROW IN THE TOWEL, IS WHAT YOU'RE SAYING?

16  **MR. PARRELLA:**  I THINK, THE JURY INDICATED THAT

17  FURTHER DELIBERATIONS WOULD NOT BE FRUITFUL.

18  **THE COURT:**  IN FAIRNESS THEY'VE BEEN OUT ALL DAY

19  FRIDAY, ALL DAY MONDAY, ALL DAY TUESDAY, OVER HALF OF

20  WEDNESDAY, I THINK THEY GIVEN IT SERIOUS EFFORTS, SO I THINK

21  THAT'S A WISE CHOICE.

22  AS TO THE ORDER IN WHICH MISTRIAL OR VERDICT IS

23  DECLARED, MR. RUBY, I DON'T KNOW THE IMPORTANCE THAT YOU

24  ALLUDED TO, BUT SEEMS TO ME WE CAN'T DO EITHER OF THOSE THINGS

25  UNTIL I HAVE A VERDICT IN MY HAND, SEE THEY DON'T HAVE A RESULT

1  ON THE OTHER COUNT.

2         **MR. RUBY:**  AS LONG AS THE COURT -- NOW THAT THE COURT

3  HAS EXPLAINED THAT THE END RESULT OF THIS PROCESS IS GOING TO

4  BE THAT THE JURY IS DONE DELIBERATING, THAT ADDRESSES MY

5  CONCERN.

6         **THE COURT:**  I THOUGHT THAT'S WHAT YOU HAD BOTH AGREED

7  TO AT THIS POINT.

8         **MR. PARRELLA:**  THAT'S FINE.

9         **THE COURT:**  OKAY.  AND I WILL POLE THEM, BY THE WAY,

10  ON THE COUNT, ASSUMING IT'S ONE COUNT, I'LL POLE THEM ON THE

11  COUNT THAT THEY HAVE COME BACK ON.  BUT WE'LL BE IN RECESS FOR

12  FIVE MINUTES.

13                      (RECESS TAKEN.)

14         (PROCEEDINGS HELD IN OPEN COURT, JURY PRESENT.)

15         **THE COURT:**  WELCOME BACK, LADIES AND GENTLEMEN.  YOU

16  MAY ALL BE SEATED.

17         SO I UNDERSTAND THAT YOU HAVE A VERDICT ON SOMETHING,

18  COULD YOU HAND IT TO TRACY, PLEASE?

19         LADIES AND GENTLEMEN, WHAT HAPPENS NEXT IS AS FOLLOWS:

20  I GET TO READ WHAT'S IN THE PACKAGE HERE, AND AFTER I'M DONE --

21  SO TRACY WILL READ ALOUD WHATEVER IS IN HERE.  AND I ASK THAT

22  YOU PLEASE LISTEN TO IT BECAUSE AFTER SHE HAS FINISHED DOING

23  THAT AS TO THE THING TO WHICH THERE IS SOME AGREEMENT, SHE WILL

24  ASK EACH OF YOU IN TURN IF THAT IS YOUR TRUE AND CORRECT

25  VERDICT.  SO THAT WE KNOW THAT IT'S UNANIMOUS.  AND WHEN WE'RE

1    DONE WITH THAT PROCESS THEN YOU'LL BE EXCUSED.

2          SO, TRACY, WOULD YOU READ THAT, PLEASE.

3          **THE CLERK:**  LADIES AND GENTLEMEN OF THE JURY, LISTEN

4    TO YOUR VERDICT AS IT WILL STAND RECORDED.

5          IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

6    DISTRICT OF CALIFORNIA, UNITED STATES OF AMERICA VERSUS BARRY

7    LAMAR BONDS, CRIMINAL 07-732, VERDICT.

8          WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT BARRY

9    LAMAR BONDS AS FOLLOWS:

10          AS TO COUNT 5 --

11          **THE COURT:**  READ THE WHOLE THING.

12          **THE CLERK:**  AS TO COUNT 1, DIVIDED NOT UNANIMOUS.

13    VIOLATION OF TITLE 18, UNITED STATES CODE SECTION 1623(A),

14    FALSE DECLARATION BEFORE THE GRAND JURY.

15          AS TO COUNT 2, DIVIDED NOT UNANIMOUS, VIOLATION OF 18

16    UNITED STATES CODE SECTION 1623(A), FALSE DECLARATION BEFORE

17    THE GRAND JURY.

18          AS TO COUNT 3, DIVIDED NOT UNANIMOUS, OF VIOLATION OF

19    18 USC SECTION 1623(A), FALSE DECLARATION BEFORE THE GRAND

20    JURY.

21          AS TO COUNT 5, GUILTY OF A VIOLATION OF 18 USC SECTION

22    1503 OF OBSTRUCTION OF JUSTICE.  UNANIMITY FINDING THE JURY

23    AGREES THE FOLLOWING STATEMENT OR STATEMENTS OF OBSTRUCTION,

24    INFLUENCE OR IMPEDED THE GRAND JURY OR WERE MADE FOR THE

25    PURPOSE OF OBSTRUCTING, INFLUENCING OR IMPEDING THE GRAND JURY

1    AND WERE INTENTIONALLY EVASIVE, FALSE OR MISLEADING.

2         GUILTY AS TO STATEMENTS C CONTAINED IN OBSTRUCTION OF

3    JUSTICE INSTRUCTION PAGE 10 THROUGH 12.  DATED APRIL 13TH 2011.

4         JUROR WITH THE BADGE NUMBER 854, WHICH IS ORIGINALLY

5    JUROR NUMBER 90.

6         **THE COURT:**  WAIT, WHAT TRACY IS GOING TO DO TO

7    IDENTIFY YOU FOR OUR RECORD, IS WHEN SHE ASKS YOU IF IT'S YOUR

8    VERDICT, GIVE TWO NUMBERS.  ONE IS THE FIRST NUMBER THAT YOU

9    HAVE WHEN YOU FIRST STARTED THIS PROCESS AND THEN THE OTHER

10   NUMBER WILL BE THE BADGE NUMBER THAT YOU'RE WEARING.  THAT'S

11   WHAT THE TWO NUMBERS ARE.  OKAY.

12        **THE CLERK:**  JUROR NUMBER 56, IS THIS YOUR TRUE AND

13   CORRECT VERDICT?

14        **JUROR NUMBER 56:**  YES.

15        **THE COURT:**  WHICH ALSO IS JUROR NUMBER 194, BADGE

16   NUMBER 194.

17        **JUROR NUMBER 56:**  YES.

18        **THE CLERK:**  JUROR NUMBER 42, BADGE NUMBER 223, THIS IS

19   YOUR TRUE AND CORRECT VERDICT?

20        **JUROR NUMBER 42:**  YES.

21        **THE CLERK:**  36 WITH THE BADGE NUMBER 274, IS THIS YOUR

22   TRUE AND CORRECT VERDICT?

23        **JUROR NUMBER 36:**  YES.

24        **THE CLERK:**  JUROR SIX, THE BADGE NUMBER 364, IS THIS

25   YOUR TRUE AND CORRECT VERDICT?

1          **JUROR NUMBER 6:**  YES.

2          **THE CLERK:**  JUROR NUMBER SIX -- OKAY, JUROR NUMBER 97,

3     WITH THE BADGE NUMBER 374, IS THIS YOUR TRUE AND CORRECT

4     VERDICT?

5          **JUROR NUMBER 97:**  YES.

6          **THE CLERK:**  JUROR NUMBER 69, WITH THE BADGE NUMBER

7     479, IS THIS YOUR TRUE AND CORRECT VERDICT?

8          **JUROR NUMBER 69:**  YES.

9          **THE CLERK:**  JUROR NUMBER 3, WITH BADGE NUMBER 789, IS

10    THIS YOUR TRUE AND CORRECT VERDICT?

11         **JUROR NUMBER 3:**  YES.

12         **THE CLERK:**  JUROR NUMBER 19, WITH THE BADGE NUMBER

13    799, IS THIS YOUR TRUE AND CORRECT VERDICT?

14         **JUROR NUMBER 19:**  YES.

15         **THE CLERK:**  JUROR NUMBER 66, WITH BADGE NUMBER 823, IS

16    THIS YOUR TRUE AND CORRECT VERDICT?

17         **JUROR NUMBER 66:**  YES.

18         **THE CLERK:**  JUROR NUMBER 90, BADGE NUMBER 854, IS THIS

19    YOUR TRUE AND CORRECT VERDICT?

20         **JUROR NUMBER 90:**  YES.

21         **THE CLERK:**  JUROR NUMBER 73, WITH BADGE NUMBER 830, IS

22    THIS YOUR TRUE AND CORRECT VERDICT?

23         **JUROR NUMBER 73:**  YES.

24         **THE CLERK:**  JUROR TWO, WITH BADGE NUMBER 905, IS THIS

25    YOUR TRUE AND CORRECT VERDICT?

1        **JUROR NUMBER 2:** YES.

2        **THE COURT:** ALL RIGHT.  THANK YOU, LADIES AND

3    GENTLEMEN.  IT'S BEEN A LONG HAUL AND THIS HAS BEEN A VERY

4    DIFFICULT JOB WE'VE PUT TO YOU.

5        I DISCOVERED OVER THE YEARS THAT THERE'S REALLY

6    NOTHING HARDER THAT WE ASK PEOPLE TO DO THAN TO SIT IN JUDGMENT

7    OF ONE ANOTHER.  IT'S A VERY, VERY HARD THING AND YOU'VE DONE

8    IT, SO THANK YOU, THANK YOU FOR ALL THE TIME AND ATTENTION

9    YOU'VE GIVEN US.

10        AS I MENTIONED TO YOU, I'M GOING TO RELEASE YOU NOW TO

11    BE DISCHARGED FROM THIS CASE AND FROM THIS JURY.  SO AT THAT

12    POINT, UNLIKE EVERY OTHER DAY THAT WE'VE BEEN TOGETHER, YOU

13    WILL BE FREE TO READ, OR THINK, OR TALK, OR LISTEN TO ANYBODY

14    YOU WANT TO ABOUT THIS CASE.

15        AND THAT INCLUDES, OF COURSE, THE LAWYERS WHO TRIED

16    THE CASE, IT ALSO INCLUDES THE LADIES AND GENTLEMEN WHO BEEN

17    FOLLOWING IT IN THE MEDIA.  SO YOU ARE FREE AT THIS POINT TO

18    TALK TO ANYBODY YOU WANT TO ABOUT THE CASE.

19        YOU ARE LIKEWISE FREE NOT TO TALK TO ANYBODY ABOUT THE

20    CASE, IF THAT'S YOUR CHOICE.  SO I JUST MENTION THAT BECAUSE I

21    KNOW PEOPLE WILL BE CURIOUS TO TALK TO YOU, THERE'S NOTHING THE

22    MATTER WITH THAT, BUT IT'S ENTIRELY UP TO YOU HOW YOU WANT TO

23    HANDLE THAT.

24        AND IF YOU DON'T WANT TO TALK TO PEOPLE, JUST TELL

25    THEM THAT AND THEY WILL LEAVE YOU ALONE.  AND IF THEY DON'T

1  LEAVE YOU ALONE LET ME KNOW AND WE WILL MAKE SURE THAT YOU ARE

2  LEFT ALONE, SO YOU WILL HAVE YOUR PRIVACY IF YOU WANT IT.

3          FOR THOSE OF YOU WHO WISH TO DISCUSS THE MATTER WE'RE

4  MAKING ARRANGEMENTS, YOU CAN DO SO AS A GROUP OUTSIDE THE

5  COURTHOUSE RIGHT NOW AND THAT MAY MAKE THINGS SIMPLER

6  DOWNSTREAM FOR EVERYBODY.  SO THAT OPPORTUNITY WILL BE GIVEN TO

7  YOU.

8          BUT AT THIS TIME I THANK YOU AND EXCUSE YOU FROM THIS

9  JURY.  I WOULD ASK, IF YOU DON'T MIND, WAIT FOR ONE MINUTE IN

10  THE JURY ROOM.  I WOULD LIKE TO COME BACK AND TELL YOU THANK

11  YOU MYSELF.  BUT AT THIS POINT YOU'RE DONE WITH US.

12          THANK YOU.

13          (THE JURY WAS EXCUSED FROM THE COURTROOM.)

14          (PROCEEDINGS HELD IN OPEN COURT, JURY NOT PRESENT).

15      **THE COURT:**  YOU MAYBE SEATED.  SO WHEN DO YOU WISH TO

16  COME BACK?

17      **MR. PARRELLA:**  WELL, WE JUST ASK FOR A NORMAL

18  SENTENCING DATE.  90 DAYS IS THAT TYPICAL?

19      **THE COURT:**  MR. RUBY?

20      **MR. RUBY:**  WELL, I THINK, THE COURT NEEDS TO DECLARE A

21  MISTRIAL AS TO COUNTS 12 AND 3 BEFORE WE DO ANYTHING ELSE.

22      **THE COURT:**  AND I SO DO.

23      **MR. RUBY:**  AND THEN SO WE NEED TO UNDERSTAND WHETHER

24  THE GOVERNMENT IS GOING TO SEEK TO RETRY COUNTS 12 AND 3 BEFORE

25  WE TALK ABOUT SENTENCING OR ANYTHING ELSE, IN MY VIEW.

1          **THE COURT:**  SHOULD WE HAVE A STATUS DATE?

2          **MR. PARRELLA:**  FIRST OF ALL, I DISAGREE WITH THAT,

3    THEY DON'T NEED TO DECIDE.  THEY DON'T NEED TO KNOW WHAT OUR

4    INTENTION IS AS TO COUNTS 12 AND THEY -- BEFORE A SENTENCING

5    DATE IS SET.  I THINK, A STATUS DATE, PERHAPS, IS FINE.  I

6    THINK, WE SHOULD ALSO SET A SENTENCING DATE.

7          **THE COURT:**  LET'S SET A STATUS DATE, WE CAN SEE WHERE

8    THAT TAKES US.

9          **MR. RUBY:**  MAY 16TH -- DOES NEED TO BE A PARTICULAR

10   DAY OF THE WEEK?

11         **THE CLERK:**  FRIDAY.

12         **MR. RUBY:**  FRIDAY THE 20TH OF MAY, I'M JUST PUTTING A

13   DATE OUT THERE.

14         **THE CLERK:**  THAT'S FINE.

15         **THE COURT:**  IS IT A CRITICAL STAGE OF THE PROCEEDINGS

16   TO WHICH THE DEFENDANT NEEDS TO ATTEND?

17         **MR. RUBY:**  I DON'T THINK SO, IT WILL BE A SETTING

18   DATE.

19         **THE COURT:**  THEN WE CAN DO IT ON A FRIDAY, SURE.  I

20   WOULD THINK, PERHAPS, SOONER RATHER THAN LATER.

21         **THE CLERK:**  YOU JUST WAIVED HIS APPEARANCE?

22         **THE COURT:**  WE'LL TALK ABOUT THAT IN A MINUTE.  WHAT

23   ABOUT, SAY, THE 6TH OR THE 13TH OF MAY, EITHER OF THOSE.

24   MR. PARRELLA?

25         **MR. RUBY:**  THE 6TH OF MAY.

1          **THE COURT:**  IS THE 6TH ALL RIGHT?

2          **MR. PARRELLA:**  COULD WE HAVE THE FOLLOWING WEEK,

3   PLEASE?

4          **MR. RUBY:**  13TH IS NOT GOOD FOR ME, I COULD DO IT ON

5   THE 6TH.  I'VE GOT SOMETHING LONG PLANNED.

6          **THE COURT:**  6TH OR THE 20TH?

7          **MR. PARRELLA:**  HOW ABOUT THE 20TH?

8          **MR. RUBY:**  20TH WOULD BE FINE.

9          **THE COURT:**  11:00 O'CLOCK ON FRIDAY, MAY 20TH.  DOES

10  MR. BONDS WISH TO WAIVE HIS APPEARANCE THAT DAY?

11         **MR. RUBY:**  YES, YOUR HONOR.

12         **THE COURT:**  IS THAT ALL RIGHT WITH YOU, MR. PARRELLA?

13         **MR. PARRELLA:**  YES, YOUR HONOR.

14         **THE COURT:**  THEN IT'S SO ORDERED.

15         **MR. RIORDAN:**  YOUR HONOR, IN ORDER TO INSURE THAT ALL

16  RIGHTS ARE PRESERVED, I WOULD ORALLY NOW MAKE BOTH A RULE 29

17  MOTION FOR A DIRECTED VERDICT AND A RULE 33 MOTION FOR A NEW

18  TRIAL.

19         WE CAN EITHER SET A BRIEFING SCHEDULE NOW OR DO SO ON

20  THE 20TH, BUT WE ARE IN THE EXTRAORDINARY SITUATION WHERE

21  MR. BONDS HAS BEEN NOT CONVICTED OF USE OF ANABOLIC STEROIDS,

22  NOT CONVICTED USE OF HGH, NOT CONVICTED OF HAVING AN INJECTION

23  AND TESTIFIED FALSELY.

24         HE HAS BEEN CONVICTED OF TELLING THE GRAND JURY THAT

25  HE WAS A CHILD OF A CELEBRITY.  SO WE HAVE VERY MEANINGFUL

MOTIONS FOR DIRECTED VERDICT AND NEW TRIAL. AND AS I SAY, WE COULD SET THE BRIEFING SCHEDULE NOW OR DO SO ON THE 20TH.

**THE COURT:** WHAT'S YOUR PREFERENCE?

**MR. PARRELLA:** WELL, JUST TO RESPOND, HE'S BEEN CONVICTED OF OBSTRUCTION OF JUSTICE, WHICH IS A SERIOUS FELONY.

**THE COURT:** YES, YOU KNOW WHAT, THE TRIAL IS OVER, SO WE DON'T NEED ANY SPEECHES ANY LONGER.

**MR. PARRELLA:** I'M JUST RESPONDING TO WHAT THE DEFENSE POINTS OUT ON THE RECORD.

**THE COURT:** MY QUESTION, OF COURSE, TO WHICH I'D LIKE A RESPONSE, WOULD YOU LIKE A SCHEDULING DATE NOW OR SHALL WE WAIT UNTIL THE 20TH AND TALK ABOUT IT THEN?

**MR. PARRELLA:** WE COULD HAVE A BRIEFING SCHEDULE NOW, THAT'S FINE.

**MR. RIORDAN:** I ASK FOR 45 DAYS. AND, IN FACT, PERHAPS IS THE 20TH ABOUT 45 DAYS?

**THE COURT:** IT'S 35 DAYS.

**MR. RIORDAN:** WE'LL HAVE OUR MOTION ON FILE BY THE 20TH AND THE GOVERNMENT WILL HAVE THEM IN ON THE 20TH, COULD ASK FOR WHATEVER REASONABLE TIME IT NEEDS TO RESPOND TO THEM.

**MR. PARRELLA:** THAT'S FINE.

**THE COURT:** THANK YOU. WE'RE IN RECESS.

(PROCEEDINGS ADJOURNED.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS.

I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.

THE FEE CHARGED AND THE PAGE FORMAT FOR THE TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL CONFERENCE.

FURTHERMORE, I CERTIFY THE INVOICE DOES NOT CONTAIN CHARGES FOR THE SALARIED COURT REPORTER'S CERTIFICATION PAGE.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 2ND DAY OF MAY, 2011.


/S/  JAMES YEOMANS

_____

JAMES YEOMANS, CSR, RPR